THE STATE, WALTER E. AMMON, PROSECUTOR, v. WILLIAM K. NEWTON, STATE DAIRY COMMISSIONER.

In section 5 of the Oleomargarine act (*Pamph. L.* 1886, *p.* 107), the clause "annotto, or any other coloring matter or substance," includes only those substances which, in the manufacture of oleomargarine, &c., are used, like annotto, solely or chiefly to color the product, and does not extend to the materials which are employed chiefly to make up the substance of the compound, and which impart color only as a necessary incident of their use.

On *certiorari.*

Argued at February Term, 1888, before Justices VAN SYCKEL, KNAPP and DIXON.

For the plaintiff in *certiorari, Joseph D. Bedle.*

For the defendant, *William H. Corbin.*

The opinion of the court was delivered by

DIXON, J. The plaintiff in *certiorari* was charged with having in his possession, for the purposes of sale, on May

18th, 1887, in Jersey City, " oleomargarine which was colored and stained yellow in imitation of natural butter, by one of the ingredients thereof, to wit, cotton-seed oil, with which the same was mixed and compounded." To this he pleaded, in effect, that cotton-seed oil is a nutritious vegetable oil ; that it formed about one-fifth of the product called oleomargarine, and was used in the manufacture, not simply for the purpose of coloring or staining the prod.ic', but as one of its substantial ingredients. On this plea he was convicted.

On *certiorari* to review this conviction, the question arising is, whether, if oleomargarine derive a color resembling that of butter from the substantial ingredients of which it is composed, it is unlawful to have it in possession for the purposes of sale, by reason of the statute which interdicts such possession of " oleomargarine that is colored, stained or mixed with annotto or any other coloring matter or substance." *Pamph. L.* 1886, *p.* 107. In other words, the question is, whether the substantial ingredients of the compound may belong to that class which in the act is described as consisting of " annotto and any other coloring matter or substance."

This question should be answered, I think, by the application of two well-settled legal rules : one, that the coupling of words together shows that they are to be understood in the same sense, according. to the maxim *noscitur a sociis ;* the other, that penal laws are to be construed strictly.

Under these rules, the clause " annotto, or any other coloring matter or substance," extends only to coloring substances which resemble annotto in the use to which it is put in manufacturing the products covered by the statute. The office of annotto in these processes is solely to color the product. By " other coloring matter," therefore, are intended other substances of similar quality ; substances used merely, or at least chiefly, for the same purpose. The language cannot, with propriety, be interpreted so as to include materials employed chiefly to make up the substance of the compound, and which impart some color only as a necessary incident of their use. To construe the statute so broadly would render it practically

prohibitive of the sale of all oleomargarine, for, of course, the compound must derive color from its ingredients, and such a prohibition has manifestly not been declared.

The supplement of 1887 (*Pamph. L., p.* 192), makes no change in this respect.

We think that the plaintiff's plea did not show his guilt, and that his conviction should be quashed.